## JOSEPH EDWARDS *vs.* JAMES DELAPLAINE, garnishee of BENNET TEMPLE.

In a suit between the *creditor* and *garnishee* of A. he may prove his book of accounts though no party to the suit.

A note not due at the time of attachment laid cannot be *set off* though due before plea pleaded.

PLEA of *nulla bona.* Attachment laid 5th March, 1836. Plea pleaded 30th May, 1836.

To establish the indebtedness of the garnishee to Temple, the book of original entries was produced and Temple called to prove it.

*Bayard,* for defendant, objected; and raised the question whether, in an action against a garnishee, the defendant in the original judgment can prove his books in the same manner as if he were a party.

The act of assembly (*Digest* 89) introduces a new rule of evidence. It goes beyond the common law; but it does not come up to this case. It furnishes a rule of evidence only for the party to the suit. It declares that, as to articles properly chargeable in an account, "the oath or affirmation of the *plaintiff,* together with a book regularly and fairly kept, shall be allowed in all cases to be given in evidence, in order to charge the defendant." The act, therefore, does not extend to a case where the person offered to prove books is not a party. And there is reason why it should not. If Temple was a party here and proved this book of account, we might read his letters in evidence to contradict him; but not being a party he may here prove his books without making such letters evidence.

*Per Curiam.*—It is true that if Temple were a party his letters would be evidence; not because he is allowed to prove his books, but because he is a party. If his letters contradict any thing he proves about the books, they would now be evidence.

There cannot be any doubt as to the reason and spirit of the act of assembly. It speaks, it is true, of parties, plaintiff and defendant, but this man is interested in this proceeding precisely *as* a party. His rights are concluded by it; and after a judgment here for or against his garnishee, his book account could no longer avail him. He has a right to the benefit of this book in the collection of any debt appearing upon it; and the effect of shutting it out in an action between his creditors and debtors, would be to deprive him of the power of collecting his debts in all cases where they are attached. And it would not only deprive him of the power but his creditors also ; for most of the entries in a book account would not be susceptible of proof otherwise than by the book entry. Shall then an act of assembly passed for the very purpose of extending the rule of evidence and facilitating the collection of book debts, be construed so literally as, in certain cases, to make the collection impossible; or shall we, regarding its spirit, apply it to all cases falling clearly within its object and intent? We think the true interpretation of the law and the purposes of justice require that this evidence should be admitted.

Temple sworn on the voire dire.

The defendant gave in evidence a note of hand from Temple to him for $200, dated October 26th, 1835, and payable on the 25th of March, 1836.

*The Court* admitted the note in evidence, but charged the jury that it was not a proper set-off. The issue is, whether the defendant *at the time* of the attachment laid or since, had in his hands any goods, chattels, rights, credits, monies or effects of B. Temple. The *time* of the attachment was the 5th of March, and this note did not fall due until the 25th. It cannot therefore be set-off. *Serj. on Attachment,* 103, *per Washington, justice.*

Verdict for plaintiff.

*Gilpin,* for plaintiff.
*J. A. Bayard* and *Hamilton* for defendant.